Filed 5/11/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JOSE CARDENAS et al., | B338253 |
| Plaintiffs and Appellants, | Los Angeles County Super. Ct. No. 22STCV00940 |
| v. | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jill T. Feeney, Judge.  Affirmed.

Ferrone Law Group, Stefon L. Jackson for Plaintiffs and Appellants.

Jackson Lewis, Henry L. Sanchez, Peter M. Waneis and Dylan B. Carp for Defendant and Respondent.

_____

The trial court granted summary judgments against Jose Cardenas and his 21 fellow plaintiffs.  This group appeals but has forfeited its objections to the summary judgments.  The group's opening brief asserts facts supported only by citation to its

briefing in the trial court. That trial court briefing also cites no record evidence. We affirm on grounds of forfeiture.

Cardenas and the fellow plaintiffs were school safety officers, school police officers, police detectives, or other school security personnel. We refer to the group as Cardenas. The employer, the Los Angeles Unified School District, required vaccinations during the Covid-19 pandemic. Cardenas did not want to comply. Claiming religious objections, Cardenas sued the school district.

There were several bases for summary judgment against Cardenas. One was that accommodating religious objections would impose an undue hardship on the school district: unvaccinated employees would imperil students by exposing them to disease.

On appeal, Cardenas's opening brief sets forth the supposed facts of the case by citing only to three pages of his trial court brief opposing the school district's motion for summary judgment. These three trial court pages themselves contain no record citations. They are just three pages of something Cardenas's same lawyer wrote in the past. On none of these pages is a citation to record evidence. Nothing is under penalty of perjury.

This appellate practice violates the cardinal rule that appellate briefs must fairly summarize the facts and must support factual assertions with record citations. (E.g., *Gerlach v. K. Hovnanian's Four Seasons at Beaumont, LLC* (2022) 82 Cal.App.5th 303, 311–312.)

The purpose of this rule is to allow courts to decide the appeal by locating and examining the key record evidence. (*Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574,

589–590 (*Alki*).)  Appellate records can, of course, be massive; simply asserting "it is somewhere in there" is no good.  And the decisive issue can be the proper interpretation of a possibly ambiguous bit of testimony from a deposition or declaration. (E.g., *Ducksworth v. Tri-Modal Distribution Services* (2020) 47 Cal.App.5th 532, 544–545, overruled on other grounds by *Pollock v. Tri-Modal Distribution Services, Inc.* (2021) 11 Cal.5th 918.) Sometimes the proper interpretation of a single sentence or word decides everything.

Because appellate courts commonly must grapple with intricate details within a sizeable case record, we need record citations to get us started on this exacting work.  Failing to give us the essential appellate material forfeits the argument.  (*Alki, supra*, 4 Cal.App.5th at pp. 589–590.)

## DISPOSITION

We affirm the judgment and award costs to the respondent.

WILEY, J.

We concur:

STRATTON, P. J.

VIRAMONTES, J.

3